UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JOSE IVAN ESTRADA,<br><br>  Defendant. | No. 2:13-CR-00249-MCE<br><br>**ORDER** |

    Defendant Jose Ivan Estrada ("Defendant") was convicted of Manufacturing More than 100 Marijuana Plants in violation of 21 U.S.C. § 841(a)(1) and was sentenced on October 23, 2014, to 84 months of imprisonment. Presently before the Court is Defendant's Motion to Reduce Sentence. ECF No. 87. This matter was referred to the Office of the Federal Defender, which subsequently filed a notice indicating that it would not be supplementing Defendant's motion. ECF No. 89-90. The Government opposes Defendant's requests. ECF No. 93. For the reasons that follow, that Motion is DENIED.

    Defendant seeks to reduce his sentence in light of the United States Sentencing Commission's passage of Amendment 782. Generally, Amendment 782 revised downward by two levels the Drug Quantity Table in U.S.S.G. § 2D1.1. Although Amendment 782 became effective November 1, 2014, it applies retroactively. See U.S.S.G. § 1B1.10(d), (e)(1).

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." Dillon v. United States, 560 U.S. 817, 821 (2010). "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." Id. "The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'" Id. (quoting U.S.S.G. § 1B1.10(b)(1)). Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted "'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" Id. at 822. "Except in limited circumstances, however, § 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of the amended guideline range.'"[1] Id. In addition, "a reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Defendant is not eligible for a reduction in his sentence because Amendment 782 "[did] not have the effect of lowering [his] applicable guideline range." Id. Defendant's original base offense level was 28 based on the amount of drugs for which he was responsible (529.6 kilograms of marijuana). Additional adjustments resulted in a total offense level of 25. Coupled with a criminal history category of V, Defendant's guideline range was 100-125 months. The Court nonetheless applied a 2-level reduction to account for the fact that the above Amendment was about to become effective. Defendant was thus sentenced based on a Total Offense Level of 23 with a guideline range of 84-105 months. Indeed, under the amended guidelines, Defendant's offense

---

[1] Those limited circumstances, which are not applicable here, arise when "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B).

level remains 23 and his guideline range 84-105 months.  Since Defendant cannot be sentenced below the bottom of the applicable guideline range, his Motion (ECF No. 87) is DENIED.  See United States v. Leniear, 574 F.3d 668, 674 (9th Cir. 2009).

    IT IS SO ORDERED.

Dated:  January 4, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE